# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BERMUDEZ, : | |
| Petitioner : | |
| : | No. 1:17-CV-00519 |
| vs. : | |
| : | (Judge Rambo) |
| WARDEN, FCI ALLENWOOD - : | |
| LOW : | |
| Respondents : | |

## MEMORANDUM

### I. Background

On March 27, 2017, Petitioner Charles Bermudez, an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed a petition for a writ of habeas corpus pursuant to 28. U.S.C. § 2241 and a memorandum in support thereof. (Doc. No. 1.) Petitioner also filed an emergency motion for preliminary injunction on the same day. (Doc. No. 2.) Bermudez paid the $5.00 filing fee on April 18, 2017. In liberally construing Bermudez's petition, he essentially argues that he was wrongfully expelled from the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP") and the expulsion violated his right to early release under § 3621(e).

## II.     Discussion

The Court first reviews Bermudez's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, applicable to § 2241 petitions through Rule 1(b), to determine whether the petition may be subject to summary dismissal.  See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It has been repeatedly held that "[a] petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself.' " Thomas v. Hauser, No. 3:15-CV-0469, 2015 WL 1566233, at *1 (M.D. Pa. April 8, 2015) (Nealon, J.) (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  The Allen court stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  Allen, 424 F.2d at 141.

At the outset, the Court notes Bermudez's failure to exhaust administrative remedies.  Bermudez, in fact, concedes this fact, but appears to argue that he need

not exhaust administrative remedies in the present habeas proceeding. (Doc. No. 1 at 2). Bermudez's contention is misplaced.

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to filing a § 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (holding "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto"); Arias v. United States Parole Comm'n., 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under § 2241, "the district court should have dismissed appellant's petition on exhaustion grounds"). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542.10 et seq., otherwise, the habeas petition should be dismissed. Arias, 648 F.2d at 199 (requiring federal prisoner to exhaust

3

administrative remedies before bringing claim under § 2241). An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. Id. at § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. Id. at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. See Sharpe v. Costello, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

However, exhaustion is not required if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). Here, Bermudez acknowledges that he has not yet exhausted his administrative appeal; however, he argues that completing the administrative appeal would be futile because he alleges that the staff who terminated him from RDAP are the same people that will hear his grievance. (Doc. No. 1 at 3.)

Bermudez's conclusory assertion that the administrative process is a "frivolous formality" and futile, without providing any more specificity, fails to make the affirmative showing required of him. Because Bermudez has not yet exhausted his administrative remedies with respect to the claim presented in his petition, the Court will dismiss the § 2241 petition for failure to exhaust administrative remedies. However, even if Bermudez was not required to exhaust the administrative remedies before bringing this action, his claim is nonetheless without merit.

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act is applicable to persons convicted of a "nonviolent offense" and allows the BOP to reduce a prisoner's sentence by up to one-year as an incentive for the successful completion of the treatment program. See 18 U.S.C. § 3621(e)(2)(B); see also 28 C.F.R. § 550.58. However, while eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute expressly vests the BOP with broad discretion to grant or deny sentence reductions to eligible prisoners. See 18 U.S.C. § 3621(e)(2)(B) ("the period a prisoner convicted of a nonviolent offense remains in custody after successfully

completing a treatment program *may be reduced* by the Bureau of Prisons") (emphasis added).

Although Bermudez argues that he was wrongfully expelled from the BOP's RDAP and the expulsion violated his right to early release under § 3621(e), pursuant to § 3621(e)(2)(B), an inmate is only entitled to early release upon the successful completion of the drug treatment program. Because Bermudez was expelled prior to full completion of the program, he is not entitled to early release. Additionally, even if Bermudez was not expelled and successfully completed the program, he is still not entitled to early release as § 3621 simply does not create an entitlement to early release. See Orr v. Hawk, 156 F.3d 651, 654 (6th Cir. 1998) (there is no protectable liberty interest in early release under § 3621(e)); O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991) (a statute that creates only a hope about a future discretionary decision by prison administrators is too speculative to create a liberty interest); Heard v. Quintana, 184 F. Supp. 3d 515, 519 (E.D. KY. 2016) (removal from the RDAP does not deprive an inmate of either procedural or substantive due process because a prisoner has no liberty interest in discretionary release from prison prior to the expiration of his or her sentence. Further, § 3621 does not implicate a constitutionally-protected liberty interest because it does not mandate a sentence reduction).

Moreover, given BOP's authority to manage inmate drug treatment programs, including RDAP, "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court," and "[t]he BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review." Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); Santiago-Lebron v. Florida Parole Comm'n, 767 F. Supp. 2d 1340, 1352 (S.D. Fla. 2011). Consequently, the Court also does not have jurisdiction to consider Petitioner's challenge to his preclusion from RDAP.[1]

### III. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc) (certificate of appealability not required to appeal from denial of §2241 petition), abrogated on

---

[1] Accordingly, Petitioner's motion for preliminary injunction (Doc. No. 2) will be denied as Petitioner cannot meet the requirements for this extraordinary request for relief. Specifically, he has not demonstrated that there is a substantial likelihood that he will prevail on the merits, that he is being irreparably harmed or that he will suffer irreparable harm if the preliminary injunction is not issued. See S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992).

other grounds by Gonzalez v. Thaler, 565 U.S. 134, 142 (2012)); Kornegay v. Ebbert, 402 F. App'x 131, 133 (3d Cir. 2012).  Thus, the Court need not address this issue in the current action.

**IV.   Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**.  An appropriate order follows.

                               s/Sylvia H. Rambo
                               SYLVIA H. RAMBO
                               United States District Judge

Dated: June 8, 2017